Opinion filed January 25, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00089-CR 

                                                    __________

 

                                 BILLY WAYNE POWERS, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown County, Texas

                                                 Trial
Court Cause No. CR17430

 



 

                                                                   O
P I N I O N

 

Billy Wayne Powers appeals his conviction by a
jury for the offense of felony driving while intoxicated. The jury, finding
enhancement allegations to be true, assessed Powers=s
punishment at forty years in the Texas Department of Criminal Justice,
Institutional Division.  In three issues
on appeal, Powers contends the following: 
(1) that the trial court erred by admitting evidence of the results of
an intoxilyzer test because he did not consent to the performance of the test;
(2) that the trial court erred in refusing his requested instruction relating
to the voluntariness of consent to give a breath sample; and (3) that the trial
court erred in overruling his objections to questions asked of a Brownwood
police officer about the application of parole laws regarding the time an
inmate may serve in the penitentiary.  We
affirm.








Powers contends in issue one that the trial court
erred by admitting evidence of an intoxilyzer test because he did not consent
to the performance of the test.  After
arresting Powers and after all appropriate advisories had been given, the
Brownwood Police administered an intoxilyzer test that showed Powers had an
alcohol concentration of 0.191.  Powers=s counsel objected to the introduction
of the results of the intoxilyzer test into evidence, in part on the basis that
the test was taken without consent.  Troy
Carroll, a corporal supervisor with the Brownwood Police Department, testified
that he had asked for a specimen of Powers=s
breath prior to administering the intoxilyzer test and that Powers agreed.  Corporal Carroll acknowledged that Powers
requested a blood test, but Corporal Carroll maintained that Powers agreed to
the taking of a breath specimen rather than the blood test.  A partial videotape of the request procedure
showed that, when first asked if he would give a sample of his breath, Powers
replied that he would rather give a blood test. 
The videotape also showed that Powers answered, AYes,@ when asked a second time.  However, immediately thereafter, Powers said,
AI don=t
believe a breath test is legal, I=ll
give a blood test.@  Corporal Carroll also asserted that, in the
course of his administering the intoxilyzer test to Powers, it appeared that he
was voluntarily cooperating and providing him with a breath test.  In view of the evidence that Powers agreed to
the taking of the breath test, we hold that the trial court did not err in
admitting evidence concerning the results of the intoxilyzer test.  We overrule issue one.  

Powers asserts in his second issue that the trial
court erred when it refused his requested instruction relating to the
voluntariness of his consent to give the breath test.  Where the evidence raises an issue as to
whether admitted evidence was obtained illegally, the jury is to be instructed
to disregard the evidence if it finds that it was so obtained.  See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).  We have reviewed the entire record including
the videotape made after Powers=s
arrest.  After the officer advised Powers
of his rights regarding the giving of a specimen of his breath, the following
appears on that videotape:

OFFICER: I am now requesting a specimen of your
breath.  Mr. Powers, will you give a
specimen of your breath?

 

POWERS: Yes, but I=d
rather give a blood test.

 

OFFICER: Okay, but will you give a specimen of
your breath?

 








POWERS: Yeah.

 

OFFICER: Okay. 
Subject--Okay.

 

POWERS: I don=t
believe a breath test is legal, but I=ll
give a blood test.

 

Powers consented not once, but twice, to give a
specimen of his breath.  While he might
have expressed his preference for a blood test, Powers nevertheless consented
to give a specimen of his breath.  The
officer who gave the breath test testified that Powers was voluntarily
cooperating during the administration of the test.  The only other evidence in the record
regarding the breath test is the videotape. 
We do not believe that the evidence raised an issue as to whether the
breath test was obtained illegally. 
Powers=s comment
that he did not think that a breath test was legal was not a withdrawal of his
twice-given consent but, rather, was a continued reflection of his opinion and
belief that a blood test was better than a breath test.  The trial court did not err when it refused
to give the requested instruction on whether Powers voluntarily consented to
the breath test.  We overrule Powers=s second issue on appeal.

In his third issue, Powers argues that the trial
court erred in overruling his objections to questions asked of a Brownwood police officer
about the application of parole law regarding the time an inmate might serve a
sentence in the Texas Department of Criminal Justice, Institutional
Division.  The witness was allowed to
testify that someone sentenced to a specific number of years in the Texas
Department of Criminal Justice would be confined for an amount of time that
could be less than the number of years for which he or she was sentenced.  The witness also testified that, if someone
commits subsequent offenses and is convicted of those offenses and re-sentenced
to the Texas Department of Criminal Justice on those new offenses, then he or
she must have been released at some point in order to get out and commit those
new offenses.  Powers=s counsel objected to this evidence on
the basis that the witness, Dennis Weathermon, a Brownwood police sergeant with thirty-five
years of experience as a certified peace officer, was not qualified to testify
as an expert and that the testimony was not relevant.  After the trial court sustained the objection,
Sergeant Weathermon testified that he was familiar with how the parole system
works in the State of Texas.  Powers=s
counsel then objected to the evidence on the basis that any instruction on
parole law should come from the court and that such testimony was irrelevant
and improper.








The trial court=s
decision concerning the relevance of testimony presented is based upon an abuse
of discretion.  Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991).  We are
not to intercede if the trial court=s
ruling was within the zone of reasonable disagreement.  Id.  The indictment contained allegations of four
prior DWI convictions.  In the first, a
conviction from Callahan
 County, Powers was
sentenced to serve six years in the Texas Department of Criminal Justice,
Institutional Division, beginning April 2, 1997, for an offense committed on
August 11, 1996.  In the second, a conviction
from Eastland County, Powers was sentenced to serve
five years in the Texas Department of Criminal Justice, Institutional Division,
beginning on July 24, 1991, for an offense committed on March 16, 1991.  In the third, a conviction from Hamilton County, Powers was sentenced to serve
three years beginning May 26, 1987, for an offense committed on March 5,
1987.  In the fourth, a conviction from Taylor County,
Powers was sentenced to serve three years beginning on October 6, 1989, for an
offense committed on July 23, 1989.  Two
of those convictions, the one in Taylor
County and the one in Eastland County, were for offenses committed at a
time when Powers would have been in the penitentiary serving prior sentences if
he were serving the full punishment assessed. 
We find Sergeant Weathermon=s
testimony relevant to explain to the jury that Powers could have been convicted
of those offenses because he would not necessarily have been in the
penitentiary at the time those offenses were committed.  Consequently, we hold that the trial court
did not abuse its discretion in admitting the testimony.  There is no allegation by Powers that the
State in any way sought to apply the parole law to him.  We overrule issue three.  

The judgment is affirmed.

 

 

January
25, 2007                                                                                  JIM R. WRIGHT

Publish.  See Tex.
R. App. P. 47.2(b).                                                CHIEF JUSTICE

Panel
consists of:  Wright, C.J.,

McCall,
J., and Hill, J.[1]











 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-05-00089-CR 

                                                    __________

 

                                 BILLY WAYNE POWERS, Appellant

 

                                                             V.

 

                                        STATE OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                 Trial
Court Cause No. CR17430

 



 

                                                D
I S S E N T I N G   O P I N I O N

 








I respectfully dissent because the trial court
erred in refusing to give the requested instruction on whether Powers
voluntarily consented to the breath test. 
I agree with the majority that Powers twice consented to a breath test,
after expressing his preference for a blood test, before stating, AI don=t
believe a breath test is legal, but I=ll
give a blood test.@  The majority concludes that this evidence
failed to raise an issue that the breath test was involuntary because Ait was not a withdrawal of his
twice-given consent but, rather, was a continued reflection of his opinion and
belief that a blood test was better than a breath test.@  I believe that it could reasonably be argued,
and a jury could reasonably find, that Powers=s
final statement was an inartful way of declining the breath test in favor of a
blood test.  Because I feel that the
trial court erred by not giving an instruction on an issue that was raised by
the evidence and that the failure to give such an instruction was harmful to
Powers, I would sustain Powers=s
second issue on appeal, reverse the judgment of the trial court, and remand for
a new trial.    

 

JOHN G. HILL

JUSTICE

 

January 25, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Hill, J.[2]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.